IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAZELL JERRY SPIRES,

    Plaintiff,

vs.

Dr. LOUIS BURGOS; TOM T.
ELLIS; Dr. BOBBY NORTH; Warden
HOBBS; ROBERT McFADDEN;
JEFFERY DUNCAN; BOP
DIRECTOR, and DEPARTMENT
OF JUSTICE,

    Defendants.

CIVIL ACTION NO.: CVCV205-209

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff contends that the Magistrate Judge erred in concluding that he failed to state a cognizable claim against the BOP Director and the Department of Justice. Plaintiff asserts that these entities are liable for the alleged deprivation of his constitutional rights based on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.* The Magistrate Judge permitted service upon the remaining named Defendants based on Plaintiff's allegations that they were deliberately indifferent to his serious medical needs.

The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign

AO 72A
(Rev. 8/82)

immunity rendering the federal government liable to the same extent as a private party. <u>United States v. Orleans</u>, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975, 48 L. Ed.2d 390 (1976). An action brought under the FTCA is governed by the law of the state where the negligent act or omission occurred. See <u>Stone</u>, 373 F.3d at 1130. "To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard;" (3) a "causal connection between the conduct" and the injury; "and (4) loss or damage . . . resulting from the breach." <u>McQuaig v. Tarrant</u>, 269 Ga. App. 236, 237, 603 S. E.2d 751, 752 (2004). The plaintiff bears the burden of proof to show that the accident and damages were caused by specific acts of negligence by the defendant. <u>Id.</u> at 238, 603 S. E.2d at 753.

Plaintiff has failed to show that the BOP Director or the Department of Justice breached any duty they may have owed to Plaintiff and that any alleged breach in a duty owed to Plaintiff was the cause of his injuries. In addition to the above findings, the Report and Recommendation is adopted as the opinion of the Court. Plaintiff's claims against the BOP Director and the Department of Justice are **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 14th day of December, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)