IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAZELL JERRY SPIRES, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: CVCV205-209 |
| Dr. LOUIS BURGOS; TOM T. ELLIS; Dr. BOBBY NORTH; Warden HOBBS; ROBERT McFADDEN, and JEFFERY DUNCAN, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Defendants filed a Motion to Dismiss, which the Court construed as a Motion for Summary Judgment.[1] Plaintiff filed a Response. Defendants filed a Reply, and Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff generally asserts that he has been denied adequate medical care since his arrival at FCI Jesup. Plaintiff contends that Defendants Burgos, Ellis, North, Hobbs, McFadden, and Duncan failed to provide him with medical care and did not provide him

---

[1] By Order dated August 3, 2006, the undersigned informed the parties that Defendants' Motion to Dismiss was being converted to a Motion for Summary Judgment. The parties were given ten (10) days to file any additional documents they desired. (Doc. No. 39.)

with items he contends were medically necessary. Plaintiff also contends that Defendants improperly denied him a medical exemption from institutional work and various other accommodations because he is disabled. Defendants aver that Plaintiff has not exhausted his administrative remedies concerning these matters, and, as a result, his Complaint should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff failed to initiate, much less exhaust, his administrative remedies regarding his complaints about his medical needs prior to filing the instant lawsuit. Defendants contend that a review of the Bureau of Prisons' computer records reveals that Plaintiff failed to exhaust his administrative remedies on any issue. Defendants also contend that Plaintiff's decision to file "Inmate Request to Staff" forms is not the same thing as initiating the Bureau of Prisons' Administrative Remedy Program. Plaintiff asserts that he did not have to exhaust his administrative remedies prior to filing his Complaint, but, even though he was not required to exhaust his administrative remedies, he did so.

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed. 2d 291 (1992). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available

2

AO 72A
(Rev. 8/82)

administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id.

A review of the documents submitted by the parties indicates that Plaintiff has filed several "Inmate Request to Staff" forms. (See e.g., Pl.'s Exs. 7-16.) A review of these documents also reveals that Plaintiff filed an Administrative Remedy Request appeal with the Regional Director ("BP-10") dated August 14, 2001, but this Request was returned to Plaintiff because he did not present his concerns at the institutional level. (Pl.'s Exs., pp. 7-8.) In addition, Defendants submitted the affidavit of Van Vandivier, Senior Litigation Counsel for the Southeast Regional Office of the Bureau of Prisons, who has access to

3

records for administrative requests and appeals filed with the Bureau of Prisons. (Gov't's Ex. 1.) According to Vandivier's affidavit, his review of these records indicated that Plaintiff did not file or exhaust his administrative remedies as to "any issues." (Gov't's Ex. 1, ¶ 4; Gov't's Ex. 1, Att. A.)

Based on the evidence before the Court, there is no evidence that Plaintiff initiated or exhausted his administrative remedies concerning the issues he raised in his Complaint. In support of his assertion that he did not have to exhaust his administrative remedies, Plaintiff cites cases which were decided prior to the enactment of the Prison Litigation Reform Act; these cases do not represent correct statements of the applicable law. Moreover, contrary to Plaintiff's assertion, even if he were only seeking monetary damages from Defendants, he would still be required to exhaust his administrative remedies. See Booth, 532 U.S. at 734, 121 S. Ct. at 1821. Plaintiff failed to do so.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendants' Motion (Doc. No. 27) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 31st day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev. 8/82)