FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 SEP 28 P 2: 11
CLERK_____
SO. DIST. OF GA.

# United States District Court
## for the Southern District of Georgia
### Brunswick Division

RAZELL JERRY SPIRES,

    Plaintiff,

vs.        CIVIL ACTION NO.: CVCV205-209

Dr. LOUIS BURGOS; TOM T.
ELLIS; Dr. BOBBY NORTH; Warden
HOBBS; ROBERT McFADDEN,
and JEFFERY DUNCAN,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that he did not have to exhaust his administrative remedies prior to filing this cause of action under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, et seq. Even if Plaintiff stated a cognizable claim pursuant to the ADA, he would nevertheless be required to exhaust his administrative remedies prior to filing suit in this Court, as Plaintiff complains about the conditions of his confinement. See 42 U.S.C. § 1997e(a) ("No

action shall be brought with respect to prison conditions under section 1983 of this title, or <u>any other Federal law</u> . . . until such administrative remedies as are available are exhausted." (Emphasis supplied)). However, it is evident that Plaintiff's claims fall under the dictates of 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Section 1331 and <u>Bivens</u> clearly require a plaintiff to exhaust his administrative remedies prior to filing a cause of action in federal court. <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). Plaintiff's bare contention that he filed over 100 "cop-outs", institutional administrative remedy requests (BP-9s), and memoranda is unavailing. Equally unavailing is Plaintiff's unsupported assertion that the Bureau of Prisons did not answer his administrative remedy requests.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion (Doc. No. 27) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies prior to the filing of his Complaint. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

In addition to his Objections to the Magistrate Judge's Report and Recommendation, Plaintiff mailed to the undersigned a series of exhibits. These exhibits appear to be the same materials Plaintiff submitted in support of his position

AO 72A
(Rev. 8/82)

that his case should not be dismissed. The Clerk is further authorized and directed to return to Plaintiff the duplicate documents forwarded to the undersigned.

**SO ORDERED**, this 29th day of September, 2006.

*[signature]*
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA